IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| RYAN DEAN GABRIEL, | Case No. 3:24-cv-00754-JR |
| Plaintiff, | FINDINGS AND RECOMMENDATION |
| v. | |
| TINA KOTEK, in her official capacity as Governor of the State of Oregon; STATE OF OREGON, by and through the Oregon Department of Administrative Services; ELLEN ROSENBLUM, in her official capacity as Attorney General of the State of Oregon; MEAGAN AILEEN FLYNN, in her capacity as presiding Chief Justice of Oregon Judicial Department; and JUDITH MATARAZZO, in her capacity as presiding Judge of Multnomah County Circuit Court, | |
| Defendants. | |

RUSSO, Magistrate Judge:

Defendants Tina Kotek, Ellen Rosenblum, Meagan Aileen Flynn, Judith Matarazzo, and the State of Oregon move to dismiss *pro se* plaintiff Ryan Gabriel's complaint pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). For the reasons stated below, defendants' motion is granted, and this case dismissed.

Page 1 – FINDINGS AND RECOMMENDATION

BACKGROUND

On March 22, 2022, Oregon resident Jesse Olsen, a non-party to this action, "filed a civil family lawsuit in Multnomah County, Oregon (Case No. 22DR04942), against Plaintiff . . . alleging that Mr. Gabriel and Mr. Olsen were spouses having entered into an implied domestic partnership or marriage for 12 years starting in 2010, seeking dissolution of the alleged unregistered domestic partnership." Am. Compl. ¶ 1 (doc. 13) (internal quotations and brackets omitted). "Plaintiff Mr. Gabriel's 'Motion to Dismiss' was denied by the local Circuit Court on August 16, 2022, and [his] 'Special Motion to Strike' was denied by the local Circuit Court on April 19, 2023." *Id.* at ¶ 2.

In November 2023, plaintiff filed a lawsuit against Mr. Olsen in the U.S. District Court for the District of Montana. *See generally* Compl. (Case No. 9:23-cv-00142-DLC, doc. 1). Plaintiff sought a declaration that the domestic partnership lawsuit in Oregon violated the Due Process Clause of the Fourteenth Amendment, and to enjoin Mr. Olsen from pursuing the domestic partnership claim. *Id.* at pg. 18. That lawsuit was ultimately dismissed for failure to state a claim. Order 9 (Case No. 9:23-cv-00142-DLC, doc. 33).[1]

"Trial [in the relation to the underlying Multnomah County domestic relations case] was held on January 26, 2024, and February 14, 2024, [and] an Order was issued by the trial Court on April 17, 2024." Am. Compl. ¶ 2 (doc. 13). Via that order, Multnomah County Circuit Court Judge Patrick W. Henry found that a domestic partnership existed between plaintiff and Mr. Olsen, and dissolved that partnership and divided common assets. Morgan Decl. Ex. 1, at 1-4 (doc. 18). In dividing plaintiff and Mr. Olsen's property, Judge Henry applied Oregon Supreme Court case *Beal*

---

[1] Plaintiff filed a separate lawsuit in Montana state court. *See* Pl.'s Suppl. Resp. to Mot. Dismiss 1 (doc. 28).

Page 2 – FINDINGS AND RECOMMENDATION

*v. Beal*, 282 Or. 115, 577 P.2d 507 (1976),² examining the facts to determine the parties' intent. *Id.* at 2. "A judgment was ultimately entered on May 23, 2024."³ Am. Compl. ¶ 2 (doc. 13). Plaintiff appealed that judgment to the Oregon Court of Appeals. *Id.*

On May 3, 2024, plaintiff initiated this lawsuit, amending his complaint on June 17, 2024. Like the Montana lawsuit filed in November 2023, plaintiff seeks a declaration that *Beal* violates the Due Process Clause of the Fourteenth Amendment, and that the underlying state court decision violates the Contract Clause of Article I, section 10 of the U.S. Constitution. *Id.* at pgs. 23-24. Furthermore, plaintiff seeks to enjoin defendants "from pursuing or enforcing Mr. Olsen's marriage or domestic partnership claim, in any jurisdiction." *Id.* at pg. 24.

On July 18, 2024, defendants filed the present motion to dismiss. Briefing was completed in regard to that motion on September 25, 2024.

## STANDARD OF REVIEW

Where the court lacks subject matter jurisdiction, the action must be dismissed. Fed. R. Civ. P. 12(b)(1). The party who seeks to invoke the subject matter jurisdiction of the court bears the burden of establishing that such jurisdiction exists. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). The court may hear evidence regarding subject matter jurisdiction and resolve factual disputes where necessary. *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008).

---

² *Beal* held that "a division of property accumulated during a period of cohabitation must be begun by inquiring into the intent of the parties, and if an intent can be found, it should control that property distribution." *Beal*, 282 Or. at 122.

³ An "Amended General Judgment" was issued by the Multnomah County Circuit Court on June 21, 2024. Morgan Decl. Ex. 2, at 4 (doc. 18).

Where the plaintiff "fails to state a claim upon which relief can be granted," the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For the purposes of the motion to dismiss, the complaint is liberally construed in favor of the plaintiff and its allegations are taken as true. *Rosen v. Walters*, 719 F.2d 1422, 1424 (9th Cir. 1983). Regardless, bare assertions that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Ashcroft v. Iqbal*, 556 U.S. 662, 680–81 (2009). Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court, in many circumstances, instructs the pro se litigant regarding deficiencies in the complaint and grants leave to amend. *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A pro se plaintiff's claims may nonetheless be dismissed with prejudice where it appears beyond doubt the plaintiff can prove no set of facts that would entitle him or her to relief. *Barrett v. Belleque*, 544 F.3d 1060, 1061–62 (9th Cir. 2008).

## DISCUSSION

Defendants argue that this case should be dismissed on two independent grounds: (1) the *Rooker-Feldman* doctrine and (2) Eleventh Amendment immunity. Defs.' Mot. Dismiss 2-3 (doc. 17). Defendants further assert that the *Ex parte Young* exception to Eleventh Amendment immunity does not apply because plaintiff is seeking retrospective relief. *Id.* at 9-10.

Conversely, plaintiff argues that his claims are not barred by the *Rooker-Feldman* doctrine because this suit was filed in federal court before the state court issued its judgment. Pl.'s Resp. to

Page 4 – FINDINGS AND RECOMMENDATION

Mot. Dismiss 6-7 (doc. 20). In support, plaintiff cites to *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005), for the proposition that "[*Rooker-Feldman*] is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 6 (quoting *Exxon Mobil Corp.*, 544 U.S. at 284). Plaintiff also asserts that the *Ex parte Young* exception to the Eleventh Amendment governs because defendants are enforcing an allegedly unconstitutional state case law, namely *Beal*. *Id.*

I.     ***Rooker-Feldman* Doctrine**

At its core, the *Rooker-Feldman* doctrine restricts federal district court jurisdiction over state court decisions. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 482 (1983); *see also Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986) ("The United States District Court, as a court of original jurisdiction, has no authority to review final determinations of a state court in judicial proceedings.").

In addition to barring direct review, the doctrine prevents a federal court from considering any claims that amount to a collateral attack on issues that are "inextricably intertwined" with the state court's decision. *Noel v. Hall*, 341 F.3d 1148, 1158-63 (9th Cir. 2003); *see also Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) ("A federal action constitutes such a de facto appeal where claims raised in the federal court action are inextricably intertwined with the state court's decision such that the adjudication of the federal claims would undercut the state court ruling or require the district to interpret the application of state laws or procedural rules.") (citation and internal quotations omitted). Moreover, *Rooker–Feldman* "bars any suit that seeks to disrupt or 'undo' a prior state-court judgment, regardless of whether the state court proceeding afforded the federal court plaintiff a full and fair opportunity to litigate [his] claims." *Bianchi v. Rylaarsdam,*

Page 5 – FINDINGS AND RECOMMENDATION

334 F.3d 895, 901 (9th Cir.2003). Thus, "unlike res judicata, the *Rooker-Feldman* doctrine is not limited to claims that were actually decided by state courts, but rather it precludes review of all state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *Id.*

In sum, "under the *Rooker–Feldman* doctrine, a plaintiff may not initiate a federal court action that: (1) directly challenges a state court holding or decision; or (2) indirectly challenges a state court holding or decision by raising claims in federal court that are inextricably intertwined with the state court judgment, even if the claim is that the state court's actions were unconstitutional." *Weems v. Or. Univ. Sys.*, 2012 WL 4093539, at *3 (D. Or. Sept. 17, 2012), *aff'd*, 569 Fed.Appx. 494 (9th Cir. 2014) (citing *Feldman*, 460 U.S. at 486); *see also Noel*, 341 F.3d at 1165 (district court lacks subject matter jurisdiction "when a plaintiff's suit in federal district court is at least in part a forbidden de facto appeal of a state court judgment, and an issue in that federal suit is inextricably intertwined with an issue resolved by the state court's judicial decision from which the forbidden de facto appeal is taken") (internal quotations omitted).

Here, despite raising constitutional challenges, the underlying state court decision is at the very heart of plaintiff's claims. Plaintiff's briefing acknowledges as much. *See* Pl.'s Surreply to Mot. Dismiss 5 (doc. 23) (requesting "injunctive relief from all lower court proceedings until the appellate process can be concluded, in which Plaintiff Mr. Gabriel fully expects the lower court findings to be overturned, and/or the Oregon Supreme Court to either scale back or overturn *Beal v. Beal* outright"). In other words, the harm alleged is a direct result of the state court decision. *See, e.g.*, Am. Compl. pg. 23 (doc. 13). In fact, it is clear from both the claims and relief sought that plaintiff is asking this Court to declare the state court judgment void. *See Henrichs v. Valley View Dev.*, 474 F.3d 609, 614 (9th Cir. 2007) ("Such a claim is squarely barred by *Rooker-*

*Feldman*; a request to declare the state court judgment void seeks redress from an injury caused by the state court itself.").

Further, plaintiff's reliance on *Exxon Mobil Corp.* is misplaced. Although the Supreme Court did allow for parallel state and federal litigation in *Exxon Mobil Corp.*, there is no question in this case as to timing or concurrent jurisdiction. That is, there is a significant distinction between the parallel state and federal cases in *Exxon Mobil Corp.* and here, where plaintiff brought suit against state judges and other officials seeking to overturn not only the state court judgment but also *Beal*. And, significantly, the dispositive complaint in this case was filed after plaintiff alleges the state court judgment was issued. *See* Am. Compl. ¶ 2 (doc. 13) ("A judgment was ultimately entered on May 23, 2024.").

Finally, plaintiff's assertion that, "at the time of filing his instant Federal Complaint, [he] had no knowledge of any such forthcoming [Multnomah County] judgment, nor any of its specifics" is disingenuous. Pl.'s Resp. to Mot. Dismiss 7 (doc. 20). Plaintiff initiated this lawsuit approximately two weeks after Judge Henry found that a domestic partnership existed between plaintiff and Mr. Olsen, dissolved that partnership, and divided common assets. Morgan Decl. Ex. 1, at 1-4 (doc. 18). That Judge Henry's decision was not reduced to a judgment until sometime later does not obviate the fact that plaintiff is attempting to challenge the substance of a state court final determination via these proceedings. *Cf. RLR Inv., LLC v. City of Pigeon Forge*, 4 F.4th 380, 396 (6th Cir. 2021) ("Under *Rooker-Feldman*—even after *Exxon*—federal district courts don't have jurisdiction over appeals of interlocutory state-court orders."). *Rooker-Feldman* therefore applies because plaintiff's claims center on an injury caused by a state court judgment and not the actions of an adverse party. Defendants' motion is granted in this regard.

## II.     Eleventh Amendment

"States are protected by the Eleventh Amendment from suits brought by citizens in federal court." *Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 812, 817 (9th Cir. 2001). Critically, the State of Oregon has not waived its immunity to suits brought under § 1983. *McCall v. Oregon*, 2013 WL 6196966, at *8 (D. Or. Nov. 27, 2013).

*Ex parte Young* provides a limited exception to the Eleventh Amendment. *See generally Ex parte Young*, 209 U.S. 123 (1908). The exception "allows citizens to sue state officers in their official capacities for prospective declaratory or injunctive relief . . . for their alleged violations of federal law." *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 943 (9th Cir. 2013) (quoting *Coal. to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1134 (9th Cir. 2012)) (internal quotations omitted). *Ex parte Young*, however, applies to individual state officials only when the official "ha[s] some connection with the enforcement of the act." *Id.* at 943. Further, the connection "must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit." *Id.* (citing *L.A. Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992)).

The connection of the two state executive officers to the specific enforcement power of *Beal* or the underlying judgment is too generalized. Governor Kotek, like the California governor in *Association des Eleveurs de Canards et d'Oies du Quebec*, "is entitled to Eleventh Amendment immunity because [her] only connection to [the case] is [her] general duty to enforce [Oregon] law." *Ass'n des Eleveurs de Canards et d'Oies du Quebec*, 729 F.3d at 943. Likewise, there is no indication that Attorney General Rosenblum possesses a direct connection with the enforcement of state court domestic relation decisions. The listed state judicial officers are also immune under

the Eleventh Amendment. *See Munoz v. Superior Ct. of L.A. Cnty.*, 91 F.4th 977, 981 (9th Cir. 2024) ("Judges do not enforce state laws as executive officials might; instead they work to resolve disputes between parties"; because "an injunction against a state court or its machinery would be a violation of the whole scheme of our Government . . . state court judges cannot be sued in federal court in their judicial capacity under the Eleventh Amendment.") (citations and internal quotations omitted).

Finally, plaintiff seeks declaratory and injunctive relief that places him in the same position he was in before the state court judgment. *See* Am. Compl. pgs. 23-24 (doc. 13). In other words, he seeks retrospective and not prospective relief. For this additional reason, his claims fail. *See Green v. Mansour*, 474 U.S. 64, 67-69 (1985) (the Eleventh Amendment prohibits federal courts from issuing declaratory and injunctive relief against state officials when no continuing violation exists).

## RECOMMENDATION

For the foregoing reasons, defendants' Motion to Dismiss (doc. 17) should be granted. The parties' requests for oral argument are denied as unnecessary. Because this Court determines that jurisdiction is lacking, defendants' Motion to Stay Discovery and Pretrial Deadlines (doc. 30) is granted pending final resolution of the Motion to Dismiss.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgement or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections

to any factual determination of the Magistrate Judge will be considered as a waiver of the party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of the fact in an order or judgement entered pursuant to this recommendation.

DATED this 3rd day of October, 2024.

_/s/ Jolie A. Russo_
Jolie A. Russo
United States Magistrate Judge
