IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RYAN DEAN GABRIEL**,<br><br>        Plaintiff,<br><br>    v.<br><br>**TINA KOTEK**, in her official capacity as Governor of the State of Oregon; **ELLEN ROSENBLUM**, in her official capacity as Attorney General of the State of Oregon; **MEAGAN AILEEN FLYNN**, in her official capacity as Chief Justice of the Oregon Supreme Court; **JUDITH MATARAZZO**, in her official capacity as Presiding Judge of the Multnomah County Circuit Court; and the **OREGON DEPARTMENT OF ADMINISTRATIVE SERVICES**,<br><br>        Defendants. | Case No. 3:24-cv-00754-JR<br><br>**ORDER ADOPTING FINDINGS & RECOMMENDATION** |

Ryan Dean Gabriel, 200 Blacktail Rd., #1140, Lakeside, MT 59922. Pro se.

Shaunee Morgan and Kate E. Morrow, Assistant Attorneys General, and Ellen F. Rosenblum, Attorney General, Oregon Department of Justice, 100 SW Market St., Portland, OR 97201. Attorneys for Defendants.

**IMMERGUT, District Judge.**

PAGE 1 – ORDER ADOPTING F&R

This Court has reviewed de novo the portion of the Findings and Recommendation ("F&R") to which Plaintiff objected. For the following reasons, the Court ADOPTS Magistrate Judge Russo's F&R.

## STANDARDS

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R that are not objected to. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, *sua sponte*" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

## DISCUSSION

On October 3, 2024, Magistrate Judge Russo issued her F&R, recommending that this Court dismiss Plaintiff's Complaint. No objections have been timely filed. This Court has reviewed the F&R for "clear error on the face of the record." Fed. R. Civ. P. 72(b) Advisory Committee Notes. Having reviewed the file, this Court finds no clear error in Judge Russo's conclusions that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine and the Eleventh Amendment.[1]

---

[1] This Court notes that, because the *Rooker-Feldman* doctrine goes to a court's subject-matter jurisdiction, *Benavidez v. County of San Diego*, 993 F.3d 1134, 1142 (9th Cir. 2021), while the Eleventh Amendment is "not a true limitation upon the court's subject matter jurisdiction," *Hill v. Blind Indus. & Servs. of Md.*, 179 F.3d 754, 760 (9th Cir. 1999), *as amended*

PAGE 2 – ORDER ADOPTING F&R

## CONCLUSION

This Court has reviewed for clear error Judge Russo's F&R. Judge Russo's F&R, ECF 31, is adopted. This Court GRANTS Defendants' Motion to Dismiss, ECF 17, DISMISSES as moot Defendants' Motion to Stay Discovery and Pretrial Deadlines, ECF 30, and DISMISSES this case for lack of subject-matter jurisdiction.

**IT IS SO ORDERED**.

DATED this 22nd day of October, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

---

*on denial of reh'g en banc*, 201 F.3d 1186, it may not have been necessary to consider Plaintiff's Eleventh Amendment argument after concluding that subject-matter jurisdiction was absent. In any event, this Court identifies no clear error in either portion of the F&R.